# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Lora D. Burchfield**                                                                      **Plaintiff**

**v.**                            **No. 5:14CV00059 SWW/JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                              **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Lora D. Burchfield seeks judicial review of the denial of her application for disability benefits.[3] Burchfield worked as a grill cook at a truck stop until October 9, 2009.[4] Her reasons for no longer working have varied.[5] She applied for disability benefits on June 14, 2010, and alleged disability since she stopped working. She based disability on extreme weight loss, fatigue, dehydration, swelling, low blood pressure, lack of balance, headaches, and breathing problems.[6]

**The Commissioner's decision**. Initially, the Commissioner's ALJ determined Burchfield could do some light work,[7] identified available work, and denied the application.[8] Burchfield asked the Commissioner's Appeals Council to review the decision.[9] The Appeals Council reversed the decision, and remanded the case to the ALJ to consider whether polyneuropathy is a severe impairment and to address an

---

[3]SSA record at pp. 207 & 209 (alleging disability beginning Oct. 9, 2009).

[4]*Id*. at pp. 249-50, 255 & 290.

[5]*Id*. at p. 249 (she stopped working because she didn't like the work conditions) & p. 398 (she stopped working due to problems with her hands).

[6]*Id.* at p. 249.

[7]*Id*. at p. 86-87.

[8]*Id*. at p. 91-92.

[9]*Id*. at p. 158.

opinion by Burchfield's psychiatrist.[10]

The remand order instructed the ALJ to obtain updated medical evidence, reconsider Burchfield's ability to work, and obtain updated vocational evidence. The remand order gave the ALJ authority to order examinations if needed and to offer Burchfield a second hearing. The remand order instructed the ALJ to address whether alcoholism was a contributing factor material to any determination of disability. The ALJ obtained updated medical evidence,[11] conduced a second hearing,[12] and issued a second unfavorable decision.

In the second decision — the challenged decision — the ALJ identified peripheral neuropathy, chronic obstructive pulmonary disease, hypertension, mood disorder, and addiction disorder-alcohol as severe impairments.[13] The ALJ determined Burchfield can do some light work if she stops drinking alcohol,[14] but if she doesn't, there is no work that she can do.[15] In other words, the ALJ concluded that Burchfield

---

[10]*Id*. at pp. 13-14.

[11]*Id*. at p. 39.

[12]*Id*. at p. 36.

[13]*Id*. at p. 21.

[14]*Id*. at p. 26.

[15]*Id*. at p. 23.

was disabled after including the limiting effects of alcohol in the standard five-step analysis, and then proceeded to consider her remaining limitations absent alcohol abuse.[16] The ALJ found that substance abuse disorder is a contributing factor material to the determination of disability.[17] Because a person is ineligible for disability benefits if alcohol abuse is a contributing factor material to her disability,[18] the ALJ denied the application.

Burchfield asked the Appeals Council to review the second decision.[19] After the Appeals Council declined to review,[20] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[21] Burchfield filed

---

[16]*See Brueggmann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003) (explaining the regulatory procedure that an ALJ must follow in cases involving alcohol and substance abuse disorders).

[17]*Id*. at p. 30.

[18]*Rehder v. Apfel* 205 F.3d 1056, 1060 (8th Cir. 2000) ("If the claimant's remaining limitations would not be disabling, the claimant's alcoholism…is a contributing factor material to a determination of disability and benefits will be denied.").

[19]SSA record at p. 9.

[20]*Id*. at p. 1.

[21]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

this case to challenge the decision.[22]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[23]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Burchfield's allegations**.  Burchfield challenges the factual findings underlying the determination that alcohol is a contributing factor material to the determination of disability; i.e., she would be late or miss work more that twice per month, and she needs frequent, unscheduled breaks, due to alcohol use.  She contends no evidence indicates she used alcohol throughout the pendency of her application, or that continued alcohol use exacerbated her problems with neuropathy.  She contends the ALJ failed to develop the record as to the effects of alcohol abuse.  She maintains the ALJ should have addressed alcohol abuse during the second hearing.  For these reasons, she maintains substantial evidence does not support the ALJ's decision.

**Applicable legal principles**.  A disabled claimant is ineligible for disability

---

[22] Docket entry # 1.

[23] *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

benefits if alcohol abuse materially contributes to her disability.[24] Under the regulations, the relevant question is whether the ALJ would find the claimant disabled if she stopped using alcohol.[25] The claimant bears the burden of proving alcohol abuse is not a contributing factor material to her disability.[26] For substantial evidence to support the ALJ's decision, a reasonable mind must accept the evidence as adequate to show alcohol abuse is a contributing factor material to Burchfield's disability.[27]

**Substantial evidence shows alcohol abuse is a contributing factor**. Burchfield's challenge implicates the ALJ's duty to fairly and fully develop the record,[28] because she suggests the ALJ placed the issue of alcohol abuse at issue. The

---

[24]42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled … if alcoholism … would … be a contributing factor material to the Commissioner's determination that the individual is disabled.").

[25]20 C.F.R. § 416.935 (" In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using…alcohol and then determine whether any or all of your remaining limitations would be disabling.).

[26]*Fastner v. Barnhart*, 324 F.3d 981, 984 (8th Cir. 2003).

[27]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[28]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974) (stating that an ALJ "has a duty to fairly and fully develop the matters at issue," while recognizing the duty places an ALJ for a social security claim "in the peculiar position of acting as an adjudicator while also being charged with developing the facts").

ALJ, however, placed no matter at issue. Her treatment records placed alcohol abuse at issue.

Burchfield attributed disability to extreme weight loss, fatigue, dehydration, swelling, low blood pressure, lack of balance, headaches, breathing problems, and neuropathy; by doing so, she placed those matters at issue. Burchfield's allegations were not enough to prove disability because a determination of disability must be supported by medical evidence.[29]

The ALJ obtained medical evidence in the form of treatment records and diagnostic testing from medical and mental health providers. There was no need for consultative exams because that evidence provided sufficient medical evidence to determine whether Burchfield is disabled.[30] The following discussion explains why the medical evidence shows alcohol abuse is a contributing factor material to the determination of disability.

> 1. One month after she says she stopped working, Burchfield presented to an emergency room and reported that she passed out at work and hit

---

[29]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability.").

[30]*McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (citations omitted).

her head.[31] She was diagnosed with low magnesium in the blood, alcohol abuse, and temporary loss of consciousness.[32] Low magnesium levels are often associated with chronic alcoholism. The treating physician instructed Burchfield to decrease her alcohol intake and to take magnesium supplement for 15 days. The diagnosis and prescribed treatment establishes a causal connection between alcohol addiction and the inability to work, because Burchfield reported that she fell at work, and because what caused her to fall is associated with chronic alcoholism.

2. Six months later, Burchfield returned to the emergency room and complained about shortness of breath, coughing, and general weakness.[33] She was smoking two packs of cigarettes per day; she was still drinking.[34] Her magnesium and electrolytes levels were low;[35] low levels of magnesium and imbalances of electrolytes are associated with alcohol abuse.[36]

Burchfield had a urinary tract infection and sinusitis.[37] Drinking alcohol aggravates the urinary tract and causes the sinus membranes to swell. The treating physician treated Burchfield with magnesium and electrolytes. The diagnosis and prescribed treatment establishes a causal

---

[31]SSA record at p. 364.

[32]*Id*. at p. 367.

[33]*Id*. at p. 344.

[34]*Id*. at p. 351.

[35]*Id*. at p. 353.

[36]Maureen Haggerty, 4 The Gale Encyclopedia of Med. 2712 (4th ed.) (associating low magnesium with chronic alcoholism), Paula Anne Ford-Martin, Teresa G. Odle & Melinda Granger Oberleitner, 2 The Gale Encyclopedia of Med. 1495 (4th ed.) (discussing the effect of electrolyte imbalances like low magnesium, often caused by chronic alcoholism).

[37]SSA record at p. 356.

connection between alcohol abuse and the inability to work, because Burchfield's symptoms are associated with alcoholism.

3. Three days later, Burchfield returned to the emergency room, and reported that she had fallen upon standing and hit her head on concrete.[38] She was diagnosed with orthostatic hypotension,[39] a form of low blood pressure that occurs when a person stands up. Drinking alcohol can increase the risk of orthostatic hypotension. The diagnosis establishes a causal connection between alcohol addiction and the inability to work, because Burchfield's symptoms are associated with alcoholism. Burchfield applied for disability two weeks later.

4. After applying for disability, Burchfield sought mental health treatment for depression.[40] Her psychiatrist prescribed anti-depressant medication.[41] Treatment notes for visits with the psychiatrist and a therapist show Burchfield's depressive symptoms improve with treatment, if she doesn't drink alcohol.[42] Burchfield struggled with financial difficulties, homelessness, family problems, and matters from

---

[38]*Id.* at p. 332.

[39]*Id.* at pp. 313, 331 & 333.

[40]*Id.* at p. 404.

[41]*Id.* at p. 401.

[42]*Id.* at p. 395 (Jan. 5, 2011, doing better, medications and having some one to talk to helped, affect consistent with good mood); p. 393 (Feb. 16, 2011, mood has been okay, but having some crying spells); p. 466 (Mar. 1, 2011, doing better, threw away some things associated with bad memories, affect consistent with good mood); p. 464 (June 1, 2011, doing fairly well, still having financial problems); pp. 441 & 445 (Aug. 29, 2011, clearly intoxicated, barely arousable); p. 460 (Sept. 19, 2011, doing pretty good, not self-medicating with alcohol, affect consistent with good mood); p. 457 (Dec. 6, 2011, doing okay); p. 453 (Feb. 6, 2012, irritable and moody waiting on disability); p. 478 (July 17, 2012, reeking of alcohol although she says she's had only one beer this morning, declining) & p. 474 (Oct. 2, 2012, doing fairly well, claimed to have stopped drinking, irritable at times).

her past.[43] At times, she reported that she no longer drank alcohol, but at other times, it was clear to medical providers that she drank alcohol. Seven weeks after the second hearing, her mental health was declining due to lacking medication and drinking.[44] Her psychiatrist diagnosed alcohol dependence, major depressive disorder, alcohol induced mood disorder, and personality disorder.[45] The diagnosis and treatment notes indicate alcohol abuse is a contributing factor material to the determination of disability.

5. After applying for disability, Burchfield established care with a primary care physician. Treatment notes and diagnostic tests confirmed the presence of neuropathy.[46] Neuropathy affects the nerves supplying the arms and legs. "If sensory nerves are involved, numbness, tingling, and pain are prominent, and if motor nerves are involved, the patient experiences weakness."[47] Burchfield complained about these symptoms.

---

[43]*Id.* at p. 398 (Dec. 8, 2010, feeling depressed because she is unable to work, sold her truck and lost her home trying to make it, living in tire shop, used to drink heavily but now drinks socially, incarcerated in past for being an accomplice to second degree murder); p. 393 (Feb. 16, 2011, ex-wife of man she murdered is very ill and she feels bad about that); p. 468 (Mar. 1, 2011, she wants to talk to ex-wife of man she murdered, the man she committed murder with is up for parole next year); p. 463 (June 1, 2011, her mother is declining cognitively, daughter's children removed from home, one grandchild in coma due to accidental medication overdose) & p. 456 (Jan. 23, 2012, living environment has improved, but struggling with friend who tries to loop her into drama, she and husband now living in 45' camper paid for by husband's boss).

[44]*Id.* at p. 479.

[45]*Id.* at 478.

[46]*Id.* at pp. 418-19.

[47]Laurie Barclay & Teresa G. Odle, 1 The Gale Encyclopedia of Med. 118 (4th ed.).

People who drink heavily for many years often develop neuropathy.[48] Other things can cause neuropathy,[49] but doctors identified no other cause for Burchfield's neuropathy.[50] Laboratory tests suggest heavy alcohol use.[51] Treatment notes indicate Burchfield's neuropathy likely flowed from alcohol.[52] Burchfield's history of heavy drinking and the presence of neuropathy indicate alcohol abuse is a contributing factor material to the determination of disability.

A reasonable mind would accept the evidence as adequate to support the decision because the evidence indicates alcohol abuse is a significant contributor to Burchfield's symptoms. Her mental and physical symptoms improve with treatment so long as she doesn't drink alcohol. The medical evidence supports the ALJ's factual findings that Burchfield would be late or miss work more that twice per month, and she needs frequent, unscheduled breaks, due to alcohol use.

## Conclusion and Recommendation

---

[48]*Id*. at p. 119 (discussing how alcoholic peripheral neuropathy can cause muscle weakness and atrophy, but stating that it more commonly affects sensory fibers, causing tingling, burning pain, and numbness)

[49]Julia Barrett, 5 The Gale Encyclopedia of Med. 3343 (4th ed.) ("Potential causes include diseases [like diabetes], physical injuries, poisoning, and malnutrition or alcohol abuse. In some cases, neuropathy is not the primary disorder, but a symptom of an underlying disease.").

[50]SSA record at p. 432 (no evidence of nerve entrapment).

[51]*Id*. at p. 390 (showing high level of gamma glutamyltransferase (GGT); found in 70% of heavy drinkers).

[52]*Id*. at p. 472.

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Burchfield's request for relief (docket entry # 2) and affirming the Commissioner's decision.

Dated this 9th day of December, 2014.

_____
United States Magistrate Judge